IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Servando Reynoso individually and on behalf of all persons similarly situated as class representative under Illinois Law and/or as Class representative for the members of the Collective as permitted under the Fair Labor Standards Act; <br><br> Plaintiff, <br><br> vs. <br><br> LGS INC, d/b/a ISA Experts, AND Aleta Sarno Individually Under FLSA and IWPCA As Employers <br><br> Defendants. | ) ) ) CASE NO 19 CV  4025 ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) **JURY TRIAL DEMANDED** ) **ON ALL COUNTS** ) |

## CLASS AND COLLECTIVE ACTION COMPLAINT

NOW COMES the Plaintiff, Servando Reynoso, individually and on behalf of all others

similarly situated, as class representative, by and through his undersigned counsel of

record, upon personal knowledge as to those allegations in which he so possesses and

upon information and belief as to all other matters, pursuant to §216(b) of the Fair Labor

Standards Act (hereinafter "FLSA"), the Illinois Minimum Wage Law 820 ILCS 105/1

*et seq* (hereinafter "IMWL" ), The Illinois Wage Payment and Collection Act (IWPCA)

and brings this cause of action against Defendant LGS INC, D/B/A ISA Experts (ISA).,

(hereinafter "ISA" or Defendant), and Aleto Sarno, individually as an "Employer"

under the FLSA, IMWL and IWPCA, and against ISA pursuant to 26 U.S.C.A. § 7434

1

(fraudulent filing of a false information return) for the filing of false tax documents and in so doing states the following:

## **NATURE OF THE ACTION**

1. Plaintiff, Servando Reynoso, alleges individually and on behalf of himself and other similarly situated current, former and future employees of the Defendant, (Hereinafter references to "Plaintiffs" are inclusive of both Individual Plaintiffs and those employees that are similarly situated to the Individual Plaintiffs) that they, under both federal and state wage laws, were mis-classified as an "independent contractor(s)" thus Defendants did not pay Plaintiff, nor the Collective Member nor Class Members minimum wages, overtime wages, and/or all owed wages due under the FLSA and/or Illinois Wage Laws.

2. Plaintiff presents collective action allegations under the FLSA and class action claims pursuant to IMWL and IWCPA under Rule 23 of the FRCP.

3. Plaintiffs were employees who worked for Defendant at its suburban Chicago Illinois location during the relevant time period, and who was denied their clearly-established rights under applicable federal and state statutes in that Defendants paid no overtime wages whatsoever.

4. As a result of the practices of Defendants described herein, Defendants failed to adequately compensate Plaintiffs, as well as those persons similarly-situated to Plaintiff and who Plaintiff seeks to represent— including minimum and overtime wages as required by the FLSA and IMWL.

5. Plaintiff also brings a claim for payment of his last check. Defendants failed to pay Plaintiff's final paycheck, thus Plaintiff also presents a demand for that paycheck and a claim for failure to pay minimum wages as Plaintiff worked 62 hours in his last pay period, and receive zero dollars for those 62 hours of work in February of 2019. Plaintiff should have received a check for 62 hours times his rate of pay of $15.00 per hour or $930.00, but Plaintiff received no check in violation of the FLSA, IMWL, and IWPCA.

6. Plaintiff also alleges that this is a pattern and practice of Defendants, to fail to pay the last check for departing employees, thus Plaintiff pleads this as a Collective Claim and a Class claim.

7. Other claims include that employees initial training time was unpaid, as per the Defendants' policy and procedures which reads:

**The initial training will not be paid until you've worked for 45 days. This will consist of 15 hours of training depending on how long it takes the contractor to be able to complete the duties and responsibilities required, and their job responsibilities will little supervision. You will be required to get**
**results (appointment/nurture/lead) before considered out of training**

8. Defendant also has policy and procedures of illegal deductions, as evidenced by the following policy:

**"business is lost due to setting fake appointments, your last pay check will go towards lost revenue"**

**And**

**"If the equipment is left damaged, you are responsible for fixing /**

3

> **replacing it. If you quit without fixing the computer/head phones, your last check will be used to replace the equipment"**

9.  Defendant also has a policy and procedure that forces employees to incur business expenses which are not repaid, in violation of the IWPCA and other laws, these read in part:

**You will be required to provide your own cell phone to use while dialing. LGS is not responsible for
any damages or charges incurred. If you have unlimited minutes, there should be no additional charges.
Wifi is provided**

10. Defendant also violates the IWPCA as it fails, by policy and procedure, to pay in a timely manner, as Defendants policy reads:

**Quitting without notice / "Fired" for performance, theft / puts everyone in a bind. If you quit without 2 weeks notice or are "fired" for theft or poor performance, your last check is not an emergency, and LGS
has 30 days to check your clock in/time worked reports, check the equipment used, and verify the amounts before the check is released**

11. Defendants also discussed that for some employees, that training pay was paid, but paid after forty-five days or ninety days, both periods would be in violation of the IWPCA and FLSA payment period requirements.

12. The IWPCA requires payment in less than thirty days, thus such a policy and procedure is a pro forma violation of the IWPCA payment requirements.

13. These above terms are found on an document described as a Contract, but as the terms are illegal, the contract is not enforceable for these terms, thus the Plaintiff views them as policy and procedures.

## JURISDICTION AND VENUE

14. Plaintiff and those similarly situated seek a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

15. Plaintiff seeks compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

16. This Complaint also alleges causes of action under the statutes of the State of Illinois, that arise out of the same set of operative facts as the federal causes of action herein alleged; furthermore; these state causes of action would be expected to be tried with the federal claims in a single judicial proceeding.

17. This Court has supplemental jurisdiction over those additional claims pursuant to 28 U.S.C. § 1367(a).

18. The acts complained of herein were committed and had their principal effect, as described more fully below, within this District Court; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## JURISDICTION IS ESTABLISHED VIA ENGAGEMENT IN COMMERCE BY DEFENDANT

## DEFENDANT ISA IS AN ENTERPRISE THAT REGULARLY AND RECURRENTLY HAVE AT LEAST TWO EMPLOYEES ENGAGED IN COMMERCE

19. Defendants is an enterprise that regularly and recurrently have at least two employees engaged in commerce.

20. Defendant is an enterprise that regularly and recurrently have at least two employees engaged in commerce, this engagement in commerce includes but is not limited to making phone calls from this state to other states.

21. Defendant as a call center, makes calls from Illinois to many other states on a daily basis and Plaintiff himself made many calls from Illinois to many other states.

22. Defendants job listing confirms the nationwide business model and engagement in commerce from state to state as it reads:

    "**Currently hiring for our Nationwide Outbound Call Team Department**"

23. Defendant also operates in two different states, Illinois and Arizona.

24. Thus as a business operating in two states, the Defendant is subject to the FLSA as it is engaged in commerce in two states and many other states remotely.

### JURISDICTION BASED ON GROSS SALES
### DEFENDANT ISA GROSS SALES EXCEED $500,000

25. Defendant LGS INC, D/B/A ISA Experts is a corporation which operates a telephonic call center in Illinois, making cold calls for real estate agencies seeking business in Illinois and other states of these United States.

26. ISA sales exceed $500,000.00 each year for the last three years.

27. Defendant ISA sales exceed $500,000 as shown by the following:

a. ISA has a call center which Defendant states employs forty (40) employees at any one time.

b. ISA also operates a separate call center in Arizona.

c. ISA boasts of many large sized customers: Remax Reality, Berkshire Hathaway Realty, Keller Williams,Coldwell Banker, Churchhill Mortgage, MVP Realty, Movement, and others

**PARTIES**
**A. Plaintiff**

28. Servando Reynoso (hereinafter "Plaintiff") is a citizen and resident of Illinois. Plaintiff worked as an employee at Defendant's place of business located in the State of Illinois, within the area of this Division of this District Court.

29. Plaintiff worked in the Defendants call center, both as a call center employee, making calls to develop real estate service appointments, but also served as a manager supervising the call center employees making the calls.

30. At all times relevant to this Complaint, Plaintiff, Collective and Class were intentionally and improperly classified by Defendants as an independent contractors, but in reality they were an employees of Defendant subject to the requirements of the Fair Labor Standards Act, the Illinois Minimum Wage Act and the IWPCA.

31. As a result of Defendant's intentional misclassification of Plaintiffs, Plaintiffs were not paid overtime wages over forty hours.

32. Plaintiff bring this action individually and as a representative on behalf of themselves and all other employees who worked at Defendant's place of business within the three years immediately preceding the filing of this case), present or future, who suffered wage and hour violations as described above.

**B. Defendant ISA**

33. Defendant ISA Experts (ISA)., is a company located in Illinois and was Plaintiffs' employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the Illinois Minimum Wage Act, IWML, for all relevant time periods.

34. Defendant's physical location is at 5700 Caton Farm Rd, Plainfield, IL 60586-9144.

35. Defendant Aleto Sarno, owner of ISA, has on her Linkedin site a description of the business as follows:

The only 100% USA Based Call Center, we set appointments for Real Estate Professionals and Lenders. 100% committed to your company's growth through consumer and Recruit Appointments!

INDIVIDUAL DEFENDANT

36. Aleto Sarno is named individually as an "Employer" under the FLSA, IMWL and IWPCA.

37. Aleto Sarno (hereinafter "Individual Defendant") manages and controls the operation of the Defendant's business and dictates the employment policies of the Defendant including but not limited to the decision to

classify the Plaintiffs, Collective and Class persons as "independent contractors" (and/or lessees) and to pay those person no overtime wages and/or to fail to pay the Plaintiff and Class their last paychecks.

38. Individual Defendant made the decision to classify Plaintiff and class as "independent contractors", or keep the classification of the Plaintiff and the Class as "independent contractor".

39. As owner and manager of the Corporate Defendant, Aleto Sarno had the power to hire, fire and discipline employees.

40. As owner and manager of the Corporate Defendant, Aleto Sarno caused the wage violations either by directly not paying the last paychecks or overseeing that failure to pay last checks and/or overtime.

41. Defendant Aleto Sarno owns and operates the corporate Defendant.

42. Defendant Aleto Sarno has day to day control of operations of the Corporate Defendant, and was directly involved in the payment (and shortage) of wages to the employees via handling or overseeing the payroll and implementation of the denial of last check policy.

43. Defendant Aleto Sarno was aware that each time Plaintiff and the class worked over 40 hours, that Plaintiff and Class were not paid overtime.

**FACTUAL ALLEGATIONS WEEK BY WEEK**

44. Plaintiff alleges that in his last week of work, in February of 2019, he was paid no wages for his last 62 hours of work, and as an employee of Defendant was owed wages: minimum wages. Plaintiff was paid no wages, thus Defendants are liable for minimum wage violations for Plaintiff's last two weeks of work in February of 2019.

45. In the two weeks of January 10 to January 23, 2019 Plaintiff worked 86.80 hours, thus should have been paid 6.80 hours of overtime, at an overtime rate, but he was paid straight time for these overtime hours. Thus is owed 6.80 hours of half time rate.

46. Plaintiff's rate of pay was $15.00 per hour, thus his half time rate would be $7.50 per hour, thus for this one week Plaintiff is owed $51.00 in overtime pay.

47. Likewise in the weeks of December 13-26, 2018 Plaintiff worked 16.80 hours of overtime, and thus is owed overtime for these two weeks of work.

48. Plaintiff was initially hired at $12.25 per hour, then increased to $12.25 per hour as a floor manager, and a training rate fifty cents more when training an employee.

## FACTS SUPPORTING A FINDING OF MISCLASSIFICATION

49. All actions by Defendant were willful and not the result of mistake or inadvertence.

50. Plaintiff had no control over his work environment whatsoever.

51. Defendants set the rules and had complete control over the venue, and Plaintiff had to obey these rules or risk everything, including loss of his job. This is the very hallmark of the economic dependence and control of an employer-employee relationship.

52. Despite being on notice of its violations, Defendant chose to continue to misclassify Plaintiff and other members of the proposed collective class and withhold all wages to them in effort to enhance their profits.

53. Defendants knew that persons such as Plaintiff and class were employees that should be paid under the law, and has simply chosen not to pay them.

54. Evaluation of proper classification is a multiple part test, which the Defendants have not properly applied to Plaintiff in determination of their status, rather Defendants simply assumed incorrectly that the Plaintiff and other employees were independent contractors, simply because the Defendants declared them to be.

55. The test for Employee/contractor is found in a US DOL Fact Sheet #13: Am I an Employee?: Employment Relationship Under the Fair Labor Standards Act (FLSA) (revised May 2014).

56. The elements of this test demonstrate that Plaintiff and the class are not properly classified. The elements are as follows:

1) the extent to which the work performed is an integral part of the employer's business.

2) Whether the worker's managerial skills affect his or her opportunity for profit and loss.

3) The relative investments in facilities and equipment by the worker and the employer

4) The worker's skill and initiative.

5) The permanency of the worker's relationship with the employer.

6) The nature and degree of control by the employer

57. Almost none of these factors are in Defendants' favor as alleged as follows:

1) the extent to which the work performed is an integral part of the employer's business.

The work of the Plaintiffs and Class is integral part of the employers' business. ASI's business is making calls to set up appointments for real estate sales and/or services and the Plaintiff and the class's work is solely related to that business: the Plaintiffs and class made the calls to set up the appointments which are the key of the Defendants' business model.

2) Whether the worker's managerial skills affect his or her opportunity for profit and

loss.

For the Plaintiff and Class there was no opportunity for profit or loss, the Plaintiff and class were paid the same baseline pay, however none of the pay was classified as wages. While Plaintiff and class might have been able to earn commissions or bonuses, they did not have the opportunity to have a loss, thus showing they were not independent contractors.

3) The relative investments in facilities and equipment by the worker and the

employer

Here Plaintiff and class made/make no investment other than their time and efforts, while Defendant has made large investments.

4) The worker's skill and initiative.

a. Here the Plaintiff and class "skills" were simply salesmanship, no specialized skill or initiative was required. Further Defendants provide strict sales scripts that employees are to follow.
b. Defendants forced employees to strict adhorance, a review of one persons calls reads:

12

**Feedback: Great job at adhering to the script and asking 3 questions. Just don't forget to identify yourself to the caller. Also, ask about additional realtor needs on every call. Try to match the callers pace, if they sound elderly, or southern, slow down and confirm they understood what you are saying. Keep up the great work, overall great calls!**

5) The permanency of the worker's relationship with the employer.

   a. While some members of the class were short time workers, many worked for years.

   b. Plaintiff himself worked for Defendants for eight months.

6) The nature and degree of control by the employer

   a. Here Defendants have excreted strong and consistent control of employees, including: requiring particular hours of work and scheduling hours of work.
   b. Employees would be given a strike if they didn't dial what they were assigned.
   c. Strong element of control is found in the Defendants policy and procedures which reads:

Proper notice will be given before any time off is approved that is not pre written on your monthly calendar. The need for a shorter day, full day off, multiple days off needs to be requested per the 3 strike guidelines. If you are running late for your shift, immediate notice needs to be given to the Manager, preferred is 2 hour notice / ASAP

## CLASS ALLEGATIONS

58. Plaintiff brings state wage law claims, pursuant to the Illinois Minimum Wage Law 820 ILCS 105/1., as individual and class action.    The Class is defined as all current, former and future employees of ISA employed as employees of the Defendant who were classified as "independent contractors" by Defendant thus depriving Plaintiffs' of wages overtime wages, and minimum wages not paid. These include claims for all owed

wages due for three (3) years prior to the filling of this complaint and until an judgment is entered in this case (the "Class" and "Class Period," respectively) (hereinafter, "Plaintiffs" or "Plaintiffs" refers to both Named Plaintiffs and the Class).

59. Excluded from the Class are ISA legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the Class period has had, a controlling interest in ISA; the Judge to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper request for exclusion from the Class.

60. **Numerosity:** The persons in the Class identified above are geographically diverse and so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants.  Upon information and belief, there are hundreds of members of the Class based upon the fact that during the Class Period, ISA operated two locations and all call center persons were classified as independent contractors. The numerosity is also demonstrated by the ISA having a work force of 40 call center persons (as per Individual Defendant statements). Plaintiff worked for Defendants and due to the high "turnover" of these positions the number of potential class members is increased substantially. It is estimated that there are at least 100 sales persons in the class.

61. **Commonality**: There are numerous questions of law and fact common to the Class that predominate over any questions affecting only individual members. The questions of law and fact common to this Class that predominate over any question solely affecting individual members of the Class, including but are not limited to:

62. whether the Defendants employed Plaintiffs and the Class within the meaning of the IMWL;

a) whether Defendant misclassified those employees as "independent contractors"

b) Whether Defendant paid the class minimum wages and/or over time wages;

c) what proof of hours worked is sufficient where employers fail in their duty to maintain time records

d) whether the Plaintiff and the Class were paid overtime wages pursuant to the overtime provisions of the IMWL

e) whether Defendants' engaged in a continuing policy, pattern or practice of failing to pay all owed wages, overtime wages and minimum wages due to the misclassification of the Individual Plaintiffs and Class Members;

63. **Typicality**: The claims of Representative Plaintiff is typical of the Class.

64. **Adequacy:** Representative Plaintiff will fairly and adequately represent the interests of the Class.

65. **Superiority:** A class action is superior to other available methods for their fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation, where individual Plaintiff lack

the financial resources to vigorously prosecute separate lawsuits in Court against a corporate Defendant like ISA.

66.    The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

67.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of this litigation where no individual employee can justify the commitment of the large financial resources to vigorously prosecute a lawsuit in Federal Court against the corporate Defendant.

68.    IMWL violation claims are brought and maintained as a class for all IMWL claims asserted by the Plaintiff.

### bB. The FLSA Collective Action

69.    Plaintiff brings claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA (29 U.S.C. § 216(b)), on behalf of all employees of ISA who were, are, or will be employed by ISA during the period of three (3) years prior to the date of commencement of this action through the date of judgment in this action, who were not compensated at one-and-one-half times the regular rate of pay for all work performed in excess of forty (40) hours per work week and or for minimum wages owed for all hours worked.

70.     FLSA violation claims are brought and maintained as an "opt-in" collective action pursuant to § 16(b) of FLSA, 29 U.S.C. § 216(b), for all FLSA claims asserted by the Plaintiff, since the FLSA claims of the Plaintiff is similar to the FLSA claims of all call persons employed by ISA.

71.     Defendant is liable for improperly compensating Plaintiff and FLSA Collective under the FLSA, and as such notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of ISA who have been denied the overtime premium FLSA. These current, former and future employees would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. The similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

72.     Plaintiff and all other members of the proposed collective class have suffered injury, incurred damages and significant financial loss as a result of Defendant's conduct complained of herein.

73.     Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as similarly situated sales persons improperly classified as independent contractors at any time within the applicable statute of

limitations period, who are entitled to payment of the following types of damages:

(A)     minimum wages for the first forty (40) hours worked each week;

(B)     overtime premiums for all hours worked for Defendant in excess of forty (40) hours in any week;

(C)     improper and/or insufficient taxation effects due to the misclassification, such as employees paying higher rates of taxes and/or Defendants not paying sufficient taxes.

(D)     liquidated damages and attorney's fees for the same

74.     Plaintiffs is unable to state the exact number of the class but believes that the class exceeds 50 persons but is less than 100 persons.

75.     Defendant can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

76.     The names and physical and mailing addresses of the FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

77.     The email addresses of many of the FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the FLSA collective action Plaintiffs via email to their last known email address as soon as possible.

78.     Notice of the right to join this lawsuit should be posted conspicuously at Defendant's business in a manner consistent with the orders of this Court. Notice should also be posted on a website hosted by Plaintiffs' counsel.

79. The claimed damages, inclusive of potential opt-in class members, exceed $300,000.00.

80. Plaintiff asserts that other current and former call center persons are similarly situated in that they are and/or were subject to Defendant's same and continuing policy and practice of intentionally misclassifying call center persons as independent contractors, as opposed to employees, and were not paid the minimum and overtime wages required under the FLSA, and whose tips were unlawfully exacted by Defendant.

81. Because the employer never paid unemployment taxes, misclassified employees often do not receive unemployment compensation, thus Plaintiff and class claim as damages unemployment payments improperly denied to the class .

82. Misclassified employees, Plaintiff and class, must pay the employer's share of federal employment taxes, this is also claimed as an additional element of damages.

### FIRST CLAIM FOR RELIEF

### (Individual Claims for Violation of FLSA

### Against all Defendants

83. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint above, as if fully set forth herein.

84. Defendants intentionally failed to pay Plaintiff overtime wages as required under the FLSA.

85. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

86.  By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs initial complaint, plus periods of equitable tolling.

87.  Plaintiff names the individual Defendant as alleged elsewhere in this complaint, incorporated herein.

## SECOND CLAIM FOR RELIEF

### (Individual Claims for Violation of IMWL)

**Against all Defendants**

88.  Plaintiff repeats and re-alleges all the preceding paragraphs of the Complaint above, as if fully set forth herein.

89.  Defendants intentionally failed to pay Plaintiffs overtime wages as required under the IMWL and failed to pay a final checks, thus also violated the minimum wage requirements of the IMWL.

90.  Defendants' conduct and practice, as described above, are and/or were willful, intentional, unreasonable, arbitrary and in bad faith.

91.  By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees provided by the IMWL.

92.  Plaintiff names the individual Defendant as alleged elsewhere in this complaint, incorporated herein.

## THIRD CLAIM FOR RELIEF

**(Collective Action Claim for Violation of FLSA by Plaintiff and all those similarly situated class members)**

**Against all Defendants**

93. Plaintiff repeats and re-alleges all the preceding paragraphs of the Complaint above, as if fully set forth herein.

94. Defendants intentionally failed to pay Plaintiff and all other call persons overtime wages required under the FLSA.

83. Defendant's conduct and practice, as described above, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

84 By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and similarly situated members of the class for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA.

85 Plaintiff names the individual Defendant as alleged elsewhere in this complaint, incorporated herein

**FOURTH CLAIM FOR RELIEF**

**(CLASS Action Claim for Violation of IMWL by Plaintiff and all similarly situated class members)**

**Against all Defendants**

86 Plaintiff repeats and re-alleges all the preceding paragraphs of the Complaint above, as if fully set forth herein.

87 Defendants intentionally failed to pay Plaintiff and all other call persons overtime wages and minimum wages required under the IMWL.

88 Defendant's conduct and practice, as described above, are and /or were willful, intentional, unreasonable, arbitrary and in bad faith.

89  Plaintiff names the individual Defendant as alleged elsewhere in this complaint, incorporated herein

90  By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees provided by the IMWL.

**PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiff, individually and on behalf of others similarly situated, respectfully prays that each Defendant be summoned to appear and answer herein; for orders as follows:

(A)  Certification of and notice to the proposed collective class;

(B)  For an order of this Honorable Court entering judgment in Plaintiffs' favor against each Defendant, jointly and severally;

(C)  That the Court award Plaintiffs' and others similarly situated their actual economic damages in an amount to be determined at trial, but in any event an amount not less than that which would compensate them for unpaid back wages;

(D)  A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, et sea., and attendant regulations at 29 C.F.R. §516 et sea..;

(E)     A declaratory judgment that Defendant's practices alleged herein violate the Illinois Minimum Act,

(F)     Judgment for damages for all unpaid regular wages and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.,* and attendant regulations at 29 C.F.R. §516 et sea.:

(G)     Judgment for damages for all unpaid regular wages and overtime compensation under the Illinois Minimum Wage Law, and attendant regulations;

(H) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq* in an amount equal to all unpaid regular wages and overtime compensation owed to Plaintiffs and members of the Classes during the applicable statutory period;

(I) Judgment for liquidated damages pursuant to the Illinois Minimum Wage Law,. and attendant regulations;

(J) Judgment for any and all civil penalties to which Plaintiffs' and all other similarly situated employees may be entitled;

(K) For an equitable tolling of the statutes of limitations due to violations of applicable laws by Defendant;

(L) An order directing Defendant to pay Plaintiff and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(M) Such other and further relief as this Court may deem necessary, just and proper.

**FIFTH COUNT**

**IWPCA CLAIMS**

**Individual claims for Plaintiff**

**And Class Claims for all Misclassified Employees**

**For Wages Owed, Last Paychecks not paid, and**

**penalties**

**Against all Defendants**

105. Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs as if they were set forth again herein.

106. Plaintiff also presents individual and Class claims under the Illinois Wage Payment and Collection Act (IWPCA).

107. Defendant misclassified the Plaintiffs and all others similarly situated as independent contractors, when they were actually employees under the Illinois Wage Payment and Collection Act ("IWPCA"), 820 Ill. Com. Stat. 115/2.

108. The IWPCA creates a presumption that the Plaintiffs are employees, and to rebut that presumption Defendant bears the burden of establishing each of three specific criteria set forth in the IWPCA to rebut that presumption. Specifically, Defendant must establish that 1) the call-center employees are free from Defendant's control; 2) the Class perform work outside

Defendant's usual course of business or outside all the places of the business of Defendant; and 3) the drivers are engaged in an independently established business. 820 Ill. Comp. Stat. 115/2.

109. The Illinois Supreme Court has recognized that "the three statutory requirements for independent contractor status … are comprised of legal terms and concepts…." AFM Messenger Svc., Inc. v. Dept. of Employ. Sec., 198 Ill.2d 380, 392 (2001).

110. The three prong test is conjunctive, if an employer can not satisify each and all of the prongs, then the person must be classified as an Employee for purposes of the IWPCA.

105. Plaintiff was employed by Defendants as an independent contractor, but should have been paid and employed as an employee.

106. Plaintiff and Class brings their claims for relief pursuant to the IWPCA for the period of five years (for oral contracts) and/or ten years (for written contracts) prior to the filing of this complaint.

107. Plaintiffs' employment was in the usual course of business for which such service is performed.

108. Plaintiff does not possess a proprietary interest in the Defendant.

109. The Defendant is an "employer" under the terms of the IWPCA section 2.

110. In accordance with IWPCA, an employer is also defined as: "any officer of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation". Aleto Sarno is named as a Defendant under this provision of the IWCPA.

111. Specifically Defendants repeatedly failed to pay wages Plaintiffs earned based on the parties IWPCA Agreements to pay all work hours and/or to pay Plaintiff and class at a set rate of pay for all hours worked.

**<u>COUNT FIVE</u>**

26 U.S.C.A. § 7434

**Civil damages for fraudulent filing of
information return**
Against ISA Experts
As    a Class and Individual Claim

112. Plaintiff realleges and incorporate by reference
all the preceding paragraphs, as if fully set
forth herein.

113. This count arises from the Defendants'
violation of 26 U.S.C.A. § 7434.

114. Defendants misclassify all its employees as
"Independent Contractors".

115. From Plaintiff's hire date to the end of his
employment Defendants reported Plaintiff's
earnings to the Internal Revenue Service on
Internal Revenue Service but it failed to
include payments as wages.

116. Defendants' willfully lied to the government in
filing the false documents identified herein.

117. Defendants' benefited by doing so.  For
example, Defendants paid less in Social
Security contributions, paid less for workers
compensation insurance, paid less in
Department of Employment Security
payments, and saved money elsewhere due to
the Non-Payroll Payments.

118.This also resulted in a loss to Plaintiff as he has been deprived of these benefits, including but not limited to the benefit of the social security contribution that should have been made on their behalf.

119.26 U.S.C.A. § 7434 provides that: "If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return."

120.26 U.S.C.A. § 7434(b) allows for damages of $5,000 per violation along with reasonable attorney fees.

WHEREFORE, Plaintiff prays for a judgment against Defendants seek a judgment for all amounts available pursuant to 26 U.S.C.A. § 7434, including statutory damages, prejudgment interest, and attorney fees and such other relief that is available under the law. Plaintiff also Prays that, at the earliest possible time, the Plaintiff be allowed to give notice of this class actions, or that the Court issue such notice, to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including

the date of this Court's issuance of Court-supervised notice, as alleged herein this complaint. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to "opt out" of this lawsuit.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A.      Unpaid regular wages pursuant to the IWPCA;

B.      Attorneys' fees and costs of this action in accordance Illinois Wage Laws; and

C. Attorneys' fees in accordance with all applicable laws, Illinois Law and pursuant to 705 ILCS 225/1; the Illinois Attorneys Fees in Wage Actions Act and/or the IWPCA.

D.      Unpaid wages and liquidated damages pursuant to IWPCA and the supporting Illinois Department of Labor regulations;

E.      Liquidated damages in accordance with the IWPCA in the amount of 10 days of wages for each class member;

E.      Consequential damages;

I.      Additional    compensation/penalty due to the Plaintiff in accordance with Section 14(b) of the IWPCA in the amount of 2% per day (up to an amount to twice the sum of unpaid wages) due under the IWPCA for the delay in payment of due wages;

J.      L.      and costs of this action; and

L.      Such other relief as this Court shall deem just and proper.


**Respectfully Submitted by __/S/John C. Ireland**
**The Law Office of John C. Ireland**
**636 Spruce Street South Elgin ILL 60177**
**630-464-9675**
**Fax 630-206-0889**
**Attorneyireland@gmail.com**

**Dated: June 16, 2016**